# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Teresa A.,[1] | : |
|  | : Case No. 2:23-cv-00036 |
| **Plaintiff,** | : |
| v. | : Judge Graham |
|  | : |
| Commissioner of Social Security, | : Magistrate Judge Deavers |
|  | : |
| **Defendant.** | : |

## OPINION & ORDER

This matter is before the Court upon objections (ECF No. 14) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 13), filed by Defendant Commissioner of Social Security ("the Commissioner"). The R&R recommended that the Commissioner's nondisability finding be reversed, and the matter remanded to the Commissioner and Administrative Law Judge ("ALJ") for further proceedings. ECF No. 13. The Commissioner filed timely objections, to which Plaintiff Teresa A. ("Plaintiff") timely responded. *See* ECF No. 14; ECF No. 15. For the reasons that follow, the Court **OVERRULES** the Commissioner's objections, **ADOPTS** the R&R, in full, and therefore **REVERSES** the Commissioner's nondisability finding and **REMANDS** the matter for further proceedings pursuant to Sentence Four of § 405(g).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

[1]

**STANDARD OF REVIEW**

*Social Security*

The Magistrate Judge accurately set forth the standard of review as to decisions of the Social Security Administration, which the Court adopts in full, as follows:

> When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).
>
> Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices;' on the merits or deprives [Plaintiff]] of a substantial right.'"

> *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

ECF No. 13, 5-6.

*Objections to a Report and Recommendation*

If a party raises timely objections to the report and recommendation of a magistrate judge, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 904 (E.D. Mich. 2021) "The filing of objections provides the district court with the opportunity… to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 904 (E.D. Mich. 2021) (quoting *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)). Therefore, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Smith v. Detroit Fed'n of Tchrs. Loc. 231, Am. Fed'n of Tchrs., AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987)

## DISCUSSION

The Commissioner's objections are brief, and the issue immediately before the Court is accordingly narrow: was the Magistrate Judge correct in concluding "that the ALJ failed to properly address Plaintiff's treating source opinion under 20 C.F.R. § 404.1520c and to adequately explain his [(the ALJ's)] reasoning"? ECF No. 13, 13. Or was the Magistrate Judge "merely

reweighing such evidence," as the Commissioner alleges, which is "precisely what a reviewing court is prohibited from doing"? ECF No. 14, 1. The Court agrees with the Magistrate Judge.

The Magistrate Judge's recommendation of reversal is based on her finding that the ALJ "failed to properly evaluate the opinion evidence of treating physician," Dr. Phillip Short, because the ALJ "failed to adhere to the procedural requirements of the regulations." ECF No. 13, 6-7. Therefore, the ALJ's findings as to Plaintiff's residual functional capacity ("RFC")[2] was deficient for failing to "properly evaluate [and] articulate the supportability and consistency" of Dr. Short's opinion. ECF No. 13, 6-7.

The Magistrate Judge summarized the relevant body of regulations, including, most saliently, the *requirement* that the ALJ address the supportability and consistency factors with regard to medical opinions (underlined below). and the Court adopts the summary in full:

> Because Plaintiff filed her application after March 27, 2017, it is governed by the relatively new regulations describing how evidence is categorized, considered, and articulated when an RFC is assessed. *See* 20 C.F.R. § 404.1513(a), 404.1520c (2017). A claimant's RFC is an assessment of "the most [a claimant] can still do despite her limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A claimant's RFC assessment must be based on all the relevant evidence in his or her case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a)(1)–(5).
>
> Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical

---

[2] "Residual Functional Capacity," is defined as "the most [a social security claimant] can still do despite her limitations." 20 C.F.R. § 404.1545(a)(1).

[4]

opinion(s) or prior administrative finding(s) including those from [Plaintiff]]'s medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)–(5).

The regulations explicitly indicate that the "most important factors" to consider are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2); 404.1520c(b)(2). Indeed, the regulations *require* an ALJ to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings" in a benefits determination or decision and allows that the ALJ "may, but [is] not required to, explain how [they] considered" the other factors. *Id.*

The applicable regulations provide the following guidance for how ALJs should evaluate the "supportability" and "consistency" of medical source opinions and prior administrative findings:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2). In practice, this means that the "supportability" factor "concerns an opinion's reference to diagnostic

> techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citing SSR 96-2p, 1996 SSR LEXIS 9 (July 2, 1996) (explaining supportability and inconsistency); 20 C.F.R. § 404.1527(c)(3), (4) (differentiating "supportability" and "consistency"); 20 C.F.R. § 404.1520c(c)(1), (2) (further clarifying the difference between "supportability" and "consistency" for purposes of the post-March 27, 2017 regulations)). "By contrast, 'consistency' involves comparing a medical opinion or prior administrative medical finding with ***the evidence from other medical sources and nonmedical sources*** in the claim." *Cindy F. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-00047, 2022 WL 4355000, at *7 n.5 (S.D. Ohio Sept. 20, 2022) (quoting 20 C.F.R. § 404.1520c(c)(2) (emphasis added)).

ECF No. 13, 7-9 (underlining supplied).

Reviewing the ALJ's decision to deny Plaintiff's claim, the Magistrate Judge noted that "Dr. Short opined restrictions that were far more limiting than what the ALJ included in the RFC." ECF No. 13, 10. The Commissioner argues that "the ALJ adequately explained why he found Dr. Short's opinion unpersuasive and explained why he disagreed with the limitations set forth in his opinion." ECF No. 14, 2.

The ALJ addressed Dr. Short's opinion as follows, in full:

> Phillip Short, M.D., opined that [Plaintiff] could sit, stand, and/or walk for less than 2 hours, needed to shift positions at will, needed unscheduled breaks every 10 minutes for 5-10 minutes, rarely lift and carry less than 10 pounds, and had manipulative limitations... The [ALJ] finds this assessment not persuasive. The opinion was essentially a checkbox form and it endorsed the most significant limits in many areas without citation to objective evidence and without support in treatment notes. In addition, the opinion was not consistent with the medical record. Specifically, the record shows generally only mild to moderate objective findings and symptoms, which have been responsive to regular, conservative treatment, as discussed above.

[6]

R. at 20. The Commissioner contends that this passage "clearly addressed the lack of supportability of Dr. Short's opinion," and that "[i]t is clear that the ALJ found Dr. Short's opinion fell short and… the checkbox opinion was inconsistent with the other evidence in the record." ECF No. 11, 6. But the Magistrate Judge determined that, while "the ALJ may have superficially addressed the mandatory requirements… [the] cursory analysis of Dr. Short's opinions ultimately falls short." ECF No. 13, 10.

The Court agrees. As the Magistrate Judge pointed out, Dr. Short *did* provide support for his opinions. The Magistrate Judge noted that the explanations provided by Dr. Short on his treating medical source statement indicated support for his conclusions, and that these explanations were in turn supported by Dr. Short's treatment notes. ECF No. 13, 11-12. While the ALJ may have found (and may yet find) this supporting evidence ultimately unpersuasive, the ALJ's written findings erroneously suggest that such evidence (e.g., support in treatment notes, or any treatment notes whatsoever from Dr. Short) does not exist at all. This is plainly untrue from the record.

As articulated by Magistrate Judge Greenberg of the Northern District of Ohio, "a district court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *8 (N.D. Ohio Dec. 11, 2020) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). The importance of the ALJ's coherent explanation of his/her reasoning is twofold. First, such clarity is necessary "in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021)

(quoting *Revisions to Rules*, 82 FR 5844-01). Second, a coherent explanation is necessary for the claimant's understanding of the disposition of the case, particularly when such disposition appears contrary to the determinations of the claimant's treatment providers. *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 908 (E.D. Mich. 2021) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

The Court agrees with the Magistrate Judge's determination that the ALJ did not comply with the mandatory articulation requirements of 20 C.F.R. § 404.1520c. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 13) in full, **REVERSES** the Commissioner's nondisability finding, and **REMANDS** this matter to the Commissioner and Administrative Law Judge for further proceedings.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 4, 2024.